**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-0519-F |
| | ) |
| OKLAHOMA CITY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On June 28, 2005, this court advised Mr. Wilson that "whether he returns the summonses to the clerk [for service by United States Marshals Service, as requested by plaintiff], or whether he retains the summonses for service himself, the time for service in this action will not be extended absent a showing of good cause." The Order then cited Fed. R. Civ. P. 4(m), and explained that Rule 4(m) provided that if service of the summons along with the complaint is not made upon a defendant within 120 days after filing of the complaint, then the court, after notice to the plaintiff, may dismiss the action without prejudice.

The 120 days for service provided for by Rule 4(m) has now expired, as of September 7, 2005. Before dismissal, Rule 4(m) requires notice to the plaintiff. The court's Order of June 28 provided notice to Mr. Wilson that, absent a showing of good cause, this action would be dismissed if service were not obtained within the required 120 days.

Despite this first notice, Mr. Wilson has filed a response to the show cause Order which is insufficient to explain why he has failed to accomplish service, except

to state that "the time periods spent in jail overlap federal deadlines." The attachment to Mr. Wilson's response indicates a booking into jail on January 26, 2005, and a release date out of jail on March 1, 2005, and a booking into jail on May 27, 2005, and release out of jail on September 9, 2005. Although these bookings, in and of themselves, do not necessarily explain Mr. Wilson's failure to accomplish service, the court hereby extends Mr. Wilson's time within which to accomplish service until September 30, 2005.

The Federal Rules of Civil Procedure and this court's local rules (a copy of which has previously been provided to the plaintiff) provide that the court may dismiss a case for failure to prosecute or for failure to comply with the rules. *See, e.g.*, Fed. R. Civ. P. 4(m), 16, and LCvR 16.1  Furthermore, every court has the inherent power in the exercise of sound discretion to dismiss a case for want of prosecution. Stanley Continental Oil Company, 536 F.2d 914, 917 (10th Cir. 1976); *see also*, Link v. Wabash Railroad, 370 U.S. 626 (1962) (inherent power vested in court to manage own affairs so as to achieve orderly and expeditious disposition of cases). The propriety of such a decision depends upon the procedural history of the particular case involved. Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir. 1979).

Even taking into consideration the fact that plaintiff brings this action pro se and that his pleadings are liberally construed, the court finds that the procedural history of this case indicates that plaintiff has failed to pursue this action, foreclosing any movement toward resolution by trial on the merits. The court has the inherent power to clear its calendar of a case which has remained dormant because of the inaction of the party seeking relief. In balancing the harshness of dismissal without prejudice against the necessity of bringing the case to a point where it can be resolved, the court finds that if service is not accomplished by September 30, 2005, that this

action should then be dismissed without prejudice to the refiling of a new action. This constitutes the court's second notice to plaintiff under Fed. R. Civ. P. 4(m).

Dated this 16th day of September, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0519p005(pub).wpd