**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID LEE WILSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-0519-F |
| ) | |
| OKLAHOMA CITY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

I. <u>Defendant Gaylon's Motion to Dismiss</u>

The "Motion to Dismiss of Defendant Paul Galyon," filed September 21, 2005 (doc. no. 17) is before the court. Defendant Galyon seeks dismissal under Rule 12(b)(6), Fed. R. Civ. P., on the grounds that the Complaint is so unclear and vague as to make it impossible to determine what claims are alleged against him. Plaintiff Mr. David Lee Wilson, who appears pro se and whose pleadings are liberally construed, has responded to the motion, and the motion is ready for determination.

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 2002), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The district court must construe a pro se plaintiff's complaint liberally under this standard. *Id*., quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are

supported only by vague and conclusory allegations.  *Id.*, citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although the Complaint refers to "this officer" and to "he," the only time Mr. Gaylon's name appears is on page 13 in one paragraph which reads, in its totality, as follows:  "And then when Gilyon [sic] gets me to jail one of the defendants I am already suing just happens to be sitting outside the county jail.  Gilyon [sic] says and points to Levescy #1349.  What was both of there [sic] points for him to be there?"  The Complaint includes references to "they" and indicates that more than just one officer is involved in the conduct about which plaintiff complains in this action.  Thus, it may not be fairly assumed that all of the complained of conduct is by Mr. Galyon.  Further confirming the court's finding that the Complaint is extremely unclear with respect to Mr. Gaylon is plaintiff's reference in his response brief to "the Galyon attack on 5/27/05."  The instant lawsuit does not mention May 27, 2005, rather, this lawsuit appears to focus on events which allegedly occurred on April 16, 2005.

After careful study of the Complaint, the court concludes that it agrees with defendant Gaylon that the Complaint is so vague and indecipherable as to leave the reader guessing regarding the true nature of plaintiff's complaints against defendant Gaylon.  Trying to interpret plaintiff's claims against Mr. Gaylon would improperly require the court to assume the role of advocate.  Accordingly, the court finds that the Complaint fails to state a cause of action against Mr. Gaylon under Rule 12(b)(6), Fed. R. Civ. P.

In addition, plaintiff's claims also fail to meet the standards of Rule 8(a), which requires a short and plain statement of the claim showing entitlement to relief.  It is not the role of either the court or the defendants to sort through a conclusory and poorly drafted complaint in order to construct a cause of action.  Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (failure to comply with Rule

8 may be grounds for dismissal under Rule 12(b)(6)),[1] citing Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371-72 (10th Cir. 1989).

For all of these reasons, the court determines that the Complaint fails to state a cause of action against Mr. Galyon and that it should be dismissed. Rules 12(b)(6), 8, Fed. R. Civ. P.

## II. Plaintiff's "Formal Motion to File Subpoenas"

Plaintiff has filed a document entitled "Brief in Support of Formal Motion to File Subpoenas." This document, filed September 26, 2005, could be construed as a motion. (Doc. no. 19.) This document is addressed to "Judge Friot, or Clerk of Court." The document appears to request various subpoenas. The clerk of this court has provided Mr. Wilson with five praecipe forms, which were filled out by Mr. Wilson and given back to the clerk and which have now been filed and docketed in this case. Pursuant to each praecipe, the clerk has now issued five subpoenas to Mr. Wilson for service. Accordingly, it appears that Mr. Wilson has received whatever subpoenas he has requested so that there is no need for a "formal" order regarding the filing or issuance of any subpoenas, and that this "motion" should be stricken on that basis.

---

[1] Failure to comply with Rule 8(a)(2)'s "short and plain statement" requirement may be grounds for dismissal under Rule 12(b)(6). Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (unpublished opinion cited pursuant to the requirements of 10th Cir. Rule 36.3, as an opinion which assists the court but is cited for persuasive value only). *See also*, Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996) (finding no fault with district court's conclusion that the complaint fell well short of the requirements of Rule 8(a)(1) and (2) because, even liberally construed, the complaint was incomprehensible, and upholding dismissal on this ground, although without referencing Rule 12(b)(6)).

## Conclusion

Having reviewed the parties' submissions, the pleadings, and the relevant authorities, the court finds and concludes that Motion to Dismiss of Defendant Paul Galyon should be granted. Given plaintiff's pro se status, the court further finds that dismissal should be subject to any leave to amend which plaintiff may wish to request for the purpose of curing any deficiencies. Any motion requesting leave to amend must be filed within fifteen days of the date of this Order. Any such motion must attach plaintiff's proposed amended complaint so that the court may evaluate whether the amendment would cure the deficiencies or be futile. If leave to amend is not sought in a timely manner, or if the proposed amendment is not attached to the motion for leave to amend, or if the court determines that leave to amend should not be granted for any reason, then this action will be dismissed at that time under Rule 12(b)(6), by entry of a separate order.

Plaintiff's "Formal Motion to File Subpoenas" is **STRICKEN** as moot.

Dated this 28th day of September, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0519p008.wpd