**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID LEE WILSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-05-0519-F |
| | ) |
| OKLAHOMA CITY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

1. OCPD's Motion to Dismiss

The Motion to Dismiss of the Oklahoma City Police Department, filed September 30, 2005 (doc. no. 27) is before the court. Plaintiff, who appears pro se and whose pleadings are liberally construed, has responded, and the motion is ready for determination.

The Oklahoma City Police Department is listed in the style of the Complaint, and the "OCPD" is referred to twice in the allegations as they now stand. However, as the OCPD argues in its motion to dismiss, whether plaintiff intends to allege any claims against the Department under 42 U.S.C. § 1983 or under state law, the OCPD is not a suable entity. *See,* Ketchum v. Albuquerque Police Department, 958 F.2d 381, \*\*2 (10th Cir. 1992) (police departments such as Albuquerque Police Department, Roswell Police Department, and Tucumcari Police Department are not suable entities under § 1983), unpublished opinion cited here in compliance with Tenth Circuit Rule 36.3; Shangreaux v. Midwest City Police Department, 936 F.2d 583, \*\*2 (10th Cir. 1991) (Midwest City, Oklahoma, police department is not a suable entity, unpublished opinion cited here in compliance with Tenth Circuit Rule 36.3),

-2-

citing <u>Martinez v. Winner</u>, 771 F.2d 424, 444 (10th Cir. 1985), modified in part on rehearing, 778 F.2d 553 (10th Cir. 1985). The OCPD also argues that the only method for suing a municipality is by compliance with the Governmental Tort Claims Act, 51 O.S. §151 et seq. and that the Act contains no provisions which make a police department subject to suit. Moreover, plaintiff's response does not address defendant's arguments as to why the OCPD is not a suable entity, and so those arguments have been confessed.

For all of these reasons, the court finds and concludes that the Oklahoma City Police Department is entitled to dismissal with prejudice for failure to state a claim due to lack of capacity to be sued.[1]

## 2. Letter Asking Court for Presley to Waive

On October 11, 2005, plaintiff filed a document entitled "Letter Asking Court for Presley to Waive," which has been docketed as a motion (doc. no. 30). The motion appears to asks this court to require Oklahoma County Court Clerk Patricia Presley to waive copying fees of $22.00. This court has no authority to order the relief requested, and the motion is **DENIED**.

Dated this 13th day of October, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0519p010(pub).wpd

---

[1] There is also a pending motion for leave to amend which the court will address in a separate Order. Even if the proposed amended complaint were allowed, however, the OCPD would still not be a proper defendant in this action. Thus, the court's ultimate ruling on the motion for leave to amend has no impact on the court's determination in this Order that the OCPD is not a proper defendant.