# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LEE WILSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. CIV-05-0519-F |
| | ) |
| OKLAHOMA CITY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Plaintiff David Lee Wilson's "Motion Requesting Leave to Amend," filed October 4, 2005, is before the court (doc. no. 29). The only remaining defendant, Mr. Paul Galyon, has responded to the motion, and it is ready for determination.

The motion for leave to amend was filed as a result of this court's Order of September 28, 2005. That Order found that the original complaint was so vague and indecipherable that it failed to state a cause of action against Mr. Galyon under Fed. R. Civ. P. 12(b)(6) and that it also failed to meet the pleadings standards of Rule 8(a). Accordingly, the September 28 Order found that Mr. Galyon was entitled to dismissal but that, prior to any dismissal, Mr. Wilson should be provided an opportunity to move for leave to amend his complaint to cure the deficiencies identified by the court. The Order required Mr. Wilson to attach a copy of any proposed amended complaint to his motion so that the court could determine whether the amendment would cure the deficiencies or be futile. The Order further provided that, if the court determined that leave to amend should not be granted for any reason, then this action would be dismissed against Mr. Galyon under Rule 12(b)(6). Thus, the issue now before the court is whether Mr. Wilson's proposed amended complaint is sufficient to state a

cause of action against Mr. Galyon and to otherwise meet the pleading requirements of the Federal Rules of Civil Procedure. If it is not, then leave to amend will be denied as futile, and the only remaining defendant, Mr. Galyon, will be dismissed.

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 2002), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The district court must construe a pro se plaintiff's complaint liberally under this standard. *Id.*, quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Id.*, citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Furthermore, plaintiff appears in this action pro se, and his pleadings are liberally construed.

Keeping these liberal standards in mind, the court has carefully reviewed the proposed amended complaint submitted by Mr. Wilson. The proposed amended complaint is more concise than the original complaint. It also indicates that this action includes complaints of "harassment, excessive force, intimidation, destruction of property," "civil rights violations," "assaulting plaintiff in a federal lawsuit," "intimidating the plaintiff in federal lawsuit," and "collusion." Nevertheless, the court finds that is impossible to determine from the proposed amended complaint the nature of the claims alleged against Mr. Galyon, if any. There is only one reference in the proposed amended complaint to defendant Galyon. That reference occurs in a sentence which reads as follows: "I refer to 'they' as one of Galyons #1071's back ups

used a tazor on me."[1] The proposed amended complaint also includes three references to "Levescy #1349," who is presumably an Oklahoma City Police Department officer but who is not a defendant. There are several references to prior court actions which are now closed, and a reference to "delays of federal process intentionally," to an incarceration of "over 100 plus days," and to "the rape of my privacy and freedom." Although the proposed amended complaint states, "This is the April 16, 2005 attack," there is also a reference to "scarring on my back from the 5/27/05 arrest."

After careful study of the proposed amended complaint, the court finds that it agrees with defendant Galyon that there are no specific, understandable allegations directed toward this defendant. To the extent that the plaintiff intended any allegations against Mr. Galyon, the claims are so indecipherable and vague as to leave the reader guessing as to the true nature of plaintiff's complaints regarding Mr. Galyon's conduct. As was the case with respect to the original complaint, trying to interpret plaintiff's claims against Mr. Galyon would improperly require the court to assume the role of advocate. Accordingly, the court finds that the proposed amended complaint fails to state a cause of action against Mr. Galyon under Rule 12(b)(6.)

In addition, plaintiff's proposed amended claims also fail to meet the standards of Rule 8(a), which requires a plain statement of the claim showing entitlement to relief. It is not the role of either the court or the defendants to sort through a conclusory and poorly drafted complaint in order to construct a cause of action. <u>Abdelsamed v. United States</u>, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (failure to

---

[1] The court believes that this sentence is an attempt to explain that plaintiff's use of "they" in the original complaint was meant as a reference to Mr. Galyon along with others.

value

comply with Rule 8 may be grounds for dismissal under Rule 12(b)(6)),[2] citing <u>Glenn v. First Nat'l Bank in Grand Junction</u>, 868 F.2d 368, 371-72 (10th Cir. 1989).

For these reasons, the court determines that it would be futile to allow the amended complaint because, like the original complaint, the proposed amended complaint fails to state a cause of action against Mr. Galyon and fails to comply with federal pleading rules.  Fed. R. Civ. P. 12(b)(6), 8(a).  Plaintiff's motion for leave to file his proposed amended complaint is, therefore, **DENIED**.

Consistent with this ruling and with the court's prior orders, plaintiff's claims against Mr. Galyon are hereby **DISMISSED**, but without prejudice to re-filing, under Rules 12(b)6) and 8(a).  As the Oklahoma City Police Department has now been dismissed with prejudice for failure to state a claim due to lack of capacity to be sued (Order, October 13, 2005), both of the defendants have been dismissed from this action and no claims remain for adjudication.  Accordingly, a separate judgment will be entered.

Dated this 13th day of October, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0519p011(pub).wpd

---

[2]Failure to comply with Rule 8(a)(2)'s "short and plain statement" requirement may be grounds for dismissal under Rule 12(b)(6). <u>Abdelsamed v. United States</u>, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (unpublished opinion cited pursuant to the requirements of 10th Cir. Rule 36.3, as an opinion which assists the court but is cited for persuasive value only). *See also*, <u>Carpenter v. Williams</u>, 86 F.3d 1015, 1016 (10th Cir. 1996) (finding no fault with district court's conclusion that the complaint fell well short of the requirements of Rule 8(a)(1) and (2) because, even liberally construed, the complaint was incomprehensible, and upholding dismissal on this ground, although without referencing Rule 12(b)(6)).